DETROIT HILTON LIMITED PARTNERSHIP v DEPARTMENT OF
TREASURY

Docket No. 58004. Submitted March 3, 1983, at Detroit.—Decided
May 18, 1983. Leave to appeal applied for.

Petitioner, Detroit Hilton Limited Partnership, filed a petition
with the State Board of Tax Appeals in which it contested tax
assessments imposed by respondent, Michigan Department of
Treasury, Revenue Division. The State Board of Tax Appeals
affirmed the tax assessment. Petitioner appeals from the
board's opinion and order to that effect. On appeal, the peti-
tioner alleged that the board erred in holding it liable for sales,
use, and withholding tax assessments based on the failure of
the transferee of petitioner's business to file for a sales tax
license or notify the Department of Treasury of the change of
ownership. *Held:*

1. It was the responsibility of petitioner's successor to obtain
a new sales tax license. However, petitioner's failure to file a
final tax return pursuant to statute renders it responsible for
the sales, use, and withholding taxes incurred by its successor
in the business.

2. The Department of Treasury is entitled to rely on a sales
tax license and tax return filed by a business in determining
the party responsible for taxation.

3. The Department of Treasury justifiably relied on the sales
tax returns filed by petitioner's successor corporation.

4. The State Board of Tax Appeals reached the proper
conclusion in denying petitioner relief; its findings were based
on competent evidence on the entire record.

Affirmed.

1. TAXATION — TRANSFER OF BUSINESS — SALES TAX LICENSES.

It is the responsibility of the transferee of a business for which a
sales tax license is required to obtain a new sales tax license
for such business; a sales tax license is not transferable; thus,
whenever a change of ownership of a business occurs, a new

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 68 Am Jur 2d, Sales and Use Taxes § 145.
[4] 2 Am Jur 2d, Administrative Law § 614 *et seq.*

license must be secured immediately (MCL 205.53[1], 205.74, 205.105; MSA 7.523[1], 7.545, 7.555[15]; 1979 AC, R 205.1[3]).

2. TAXATION — TRANSFER OF BUSINESS — SALES TAX LICENSES — LIABILITY FOR TAXES — FINAL TAX RETURN.

The transferor of a business is responsible for the sales, use, and withholding taxes incurred by its successor in the business where the transferor fails to file a final tax return pursuant to the statute regarding such final tax returns (MCL 205.59[2]; MSA 7.530[2]).

3. TAXATION — DEPARTMENT OF TREASURY — SALES TAX LICENSES — LIABILITY FOR TAXES.

The Department of Treasury is entitled to rely on a sales tax license and tax return filed by a business in determining the party responsible for taxation.

4. APPEAL — TAXATION — BOARD OF TAX APPEALS.

The Court of Appeals, in appeals from decisions of the State Board of Tax Appeals, will not upset the board's findings of fact where they are supported by competent evidence.

*Provizer, Eisenberg, Lichtenstein & Pearlman, P.C. (by Marilyn A. Madorsky),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman,* Assistant Attorney General, for respondent.

Before: BEASLEY, P.J., and V. J. BRENNAN and WAHLS, JJ.

PER CURIAM. On April 14, 1977, petitioner, Detroit Hilton Limited Partnership, filed a petition with the State Board of Tax Appeals in which it contested four assessments totalling $73,960.52 imposed by respondent, Department of Treasury, Revenue Division.[1] On May 14, 1981, the State Board of Tax Appeals affirmed the tax assessment, and petitioner appeals as of right.

[1] The powers, procedures, and duties of the Revenue Division of the Department of Treasury are found at MCL 205.1 *et seq.;* MSA 7.657(1) *et seq.*

A review of the record reveals the following chronology. In 1969, petitioner applied for and was granted a license to collect sales, use, and withholding taxes in connection with its ownership of the Detroit Hilton Hotel. Until July, 1974, petitioner operated the hotel through a management company and paid the taxes assessed thereon. In August, 1974, petitioner's operations involving sales, use, and withholding taxes were transferred to a newly formed corporation, Detroit Hotel Operating Company (hereafter corporation), and a new managing company, Hospitality Management Services.[2] Petitioner's general partner, Fred Gordon, served as counsel in the formation of the corporation and as its president until it was placed in bankruptcy in 1975.

Other than receiving rental payments for the real estate and hotel from the corporation and management company, petitioner was not involved in the hotel's operation after the transfer was effected in July of 1974. Petitioner specifically instructed the corporation to secure the necessary sales tax licenses from the state and to pay all bills from the corporation's account.

Harry Kramer, a Department of Treasury employee, testified that the tax returns submitted on behalf of the hotel were filed under petitioner's name and sales tax license number. He further stated that the lone sales tax license contained in respondent's records concerning the hotel was the one in petitioner's name and that the records disclosed that the corporation did not apply for a sales tax license.

On January 16, 1976, the corporation's controller, James Freund, filed a "Last Tax Return" on a

---

[2] Neither Detroit Hotel Operating Company nor Hospitality Management Services is a party to this appeal.

form containing petitioner's name and sales tax license number. On the return, Freund indicated that the business was discontinued on October 14, 1975. He also provided respondent with a new name and address for the business, Detroit Hotel Operating Company, doing business as Detroit Heritage, Troy, Michigan. In an accompanying letter, Freund advised respondent that the 1975 tax returns should have designated Detroit Hotel Operating Company rather than petitioner as the party responsible for the tax assessment.

On appeal to the State Tax Board, petitioner neither contested the amount of the tax assessment nor the right of respondent to impose the tax on the responsible entity, but claimed that it did not engage in any sales or employment during the time span for which the taxes were overdue. It was petitioner's contention that the corporation was the appropriate party for the imposition of the taxes, since the corporation was the active participant in the operation of the hotel during the applicable tax period, while petitioner's sole function therein was the collection of rent. Petitioner argued that it would be unfair to subject it to tax liability solely because the corporation failed to register for a sales tax license.

In affirming the sales, use, and withholding tax assessments against petitioner for the period of May, 1975, through September, 1975, the State Board of Tax Appeals stated:

"Further departmental regulations specify that any change in the licensee's identity must be reported:

" 'No license is transferable and a new license must be secured immediately whenever there is a change of ownership of the business. For example, if a partner is added or dropped, or if a corporation is formed or dissolved, this constitutes a change of ownership neces-

sitating application in the name of the new ownership for a sales tax license to sell at retail.' 1979 AC, R 205.1.

"Were this not instruction enough, the department has provided forms which allow for convenient filing of any change in the taxpayer's name, location, business, etc. These forms are incorporated in the monthly filing statements, which, in fact, the appellant submitted to the state over a period of some five yers.

"The department is authorized to make assessment for taxes due, upon the information in its possession, MCL 205.59, 205.100; MSA 7.530, 7.555(10). This it has done utilizing information seemingly provided to it by the appellant.

"Since the burden of proof in any assessment challenge lies with the appellant, MCL 205.7; MSA 7.657(7), it is incumbent upon the taxpayers to provide sufficient information to allow this board to set aside or adjust the original assessment. In this instance the appellant has failed to sustain that burden. After reviewing the evidence before it, this board is unpersuaded that the liability for these business taxes was ever properly transferred."

On appeal, petitioner urges us to hold that the tax board erred in ruling that the registration of a business for sales tax purposes at a given location imposes a continuing liability for the payment of taxes even where no taxable sales were made by the registered entity.

In its appellate brief, respondent maintains that petitioner is the party responsible for the tax assessment, asserting that: (1) the Department of Treasury may impose liability for taxes on a registrant where tax returns are filed in the registrant's name and the successor to the business is not licensed to engage in any taxable business; (2) if petitioner were allowed to avoid liability under these circumstances, the Department of Treasury would be required to analyze every sales tax li-

cense or tax return to determine which entity is participating in the business; (3) by failing to notify respondent that it transferred the operation of the hotel to the corporation, petitioner is estopped from denying that it was the proper taxable party; and (4) as petitioner's general partner and the corporation's president, Fred Gordon was at all times involved with the operation of the hotel and connected with the taxable events.

The gravamen of this appeal is whether a business concern that obtains a sales tax license and conducts business at a registered location is liable for monthly tax assessments when its transferee fails to file for a sales tax license and the Department of Treasury is not notified of the change of ownership.

A review of the pertinent statutes reveals that it was the responsibility of petitioner's successor, Detroit Hotel Operating Company, to obtain a new sales tax license:[3]

"(1) If a person engages or continues in a business for which a privilege tax is imposed by this act, the person shall under rules the department prescribes, apply for and obtain from the department, upon the payment of a registration fee of $1.00, a license to engage in and to conduct that business for the current tax year." MCL 205.53(1); MSA 7.523(1).

"Any person who shall engage in any business in this state which is taxable under this act and who shall fail to secure from the department a license to engage in such business, as required in this act, or who shall continue to engage in business after his license so to do shall have expired or have been suspended by the department, shall be guilty of a misdemeanor, the punishment for which shall be a fine of not more than

---

[3] We note that a sales tax license is not transferable and whenever a change of ownership of a business occurs a new license shall be secured immediately. 1979 AC, R 205.1(3).

$1,000.00 or imprisonment for not more than 1 year, or both such fine and imprisonment." MCL 205.74; MSA 7.545 (repealed by 1980 PA 164, § 2, effective September 17, 1980).

"Any seller who fails to register with the department as required under this act, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined the sum of $25.00 for each day such failure, neglect or refusal to so register continues after notice to such seller from the department that he is required to register under this act." MCL 205.105; MSA 7.555(15).

However, petitioner's failure to file a final tax return, pursuant to MCL 205.59(2); MSA 7.530(2), renders it responsible for the sales, use, and withholding taxes incurred by its successor in the business. This statute provides:

"(2) If a person liable for a tax levied under this act sells out his or her business or stock of goods or quits the business, the person shall make a final return within 15 days after the date of selling or quitting business. The successor or succeeding successors, if any, shall be required to withhold sufficient of the purchase money to cover the amount of taxes, interest, and penalties as may be due and unpaid until the former owner produces a receipt from the commissioner showing that the taxes due are paid, or a certificate stating that taxes are not due. Upon the owner's written waiver of confidentiality, the commissioner may release to a purchaser a business' known tax liability for the purposes of establishing an escrow account for the payment of taxes. If the purchaser or succeeding purchasers of a business or stock of goods fail to withhold purchase money as provided in this subsection, he, she, or they shall be personally liable for the payment of the taxes, interest, and penalties accrued and unpaid on account of the operation of the business by the former owner."

The Department of Treasury is entitled to rely

on a sales tax license and tax return filed by a business in determining the party responsible for taxation. If petitioner had furnished respondent with notice by way of a final tax return that it transferred its interest in the hotel to Detroit Hotel Operating Company, its liability for subsequent tax assessments on the registered location would have been severed. Had petitioner filed a final tax return, petitioner, as the transferor of the business, would not have been subjected to tax liability in the event that its successor failed to obtain a sales tax license or used petitioner's license and name in filing tax returns.

We hold that petitioner subjected itself to liability for outstanding taxes incurred by its successor, Detroit Hotel Operating Company, by failing to file a statutorily required final tax return and that the Department of Treasury justifiably relied upon the sales tax returns filed by the corporation. In our view, the State Board of Tax Appeals reached the proper conclusion in denying petitioner relief. Its findings were based on competent evidence on the entire record.[4]

Affirmed.

---

[4] On appeal from a decision of a tax appeal board, we do not upset the findings of fact when they are supported by competent evidence. *Duluth, S S & A R Co v Corporation & Securites Comm*, 353 Mich 636, 652; 92 NW2d 22 (1958), *app dis* 359 US 310; 79 S Ct 876; 3 L Ed 2d 831 (1959).